J. COGBURN LAW
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@jcogburnlaw.com
2580 St. Rose Parkway, Suite 330
Henderson, NV 89074
Telephone: (702) 747-6000
Facsimile: (725) 465-8731
*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CONSOLIDATED COACHING LLC, a Nevada limited-liability company; and SCOTT LAMBERT GROVES, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CHAPMAN'S LAS VEGAS DODGE, LLC, a Nevada limited-liability company; FCA US LLC, a foreign limited-liability company; DOE Individuals 1–10; and ROE Corporations 11–20,<br><br>Defendants. | Case Number:<br>2:22-cv-01762-GMN-BNW<br><br>**DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)** |

Plaintiffs Consolidated Coaching LLC and Scott Lambert Groves ("Plaintiffs") and Defendants Chapman's Las Vegas Dodge, LLC and FCA US LLC (collectively "Defendants"), by and through their respective counsel of record, held a telephonic conference on February 2, 2023, and by and through their respective counsel of record, file this, their Stipulated Discovery Plan and Scheduling Order pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26-1.

### PROPOSED SCHEDULE

**I.     FED. R. CIV. P. 26(a) INITIAL DISCLOSURE**

Parties have agreed to exchange initial disclosures no later than **February 16, 2023**, which is 14 days after the Rule 26 Conference was held. The parties expressly agree any document productions

shall be bates-stamped with the parties' respective identifying bates system. Other than this, no changes are necessary in the form or requirement for disclosures under Fed. R. Civ. P. 26(a).

## II.     ESTIMATE OF TIME REQUIRED FOR DISCOVERY

### A.     DISCOVERY CUT-OFF DATE

Discovery will take 180 days from December 12, 2022, which is the date FCA US LLC filed its Answer to Plaintiff's Complaint, the first responsive pleading. Accordingly, all discovery must be completed no later than **June 12, 2023**. The parties may conduct discovery within the scope of Fed. R. Civ. P. 26(b). Subject to the foregoing, discovery need not be limited or focused on particular issues or conducted in phases.

### B.     AMENDING THE PLEADINGS AND ADDING PARTIES

Unless stated herein or ordered by the Court, the date for filing motions to amend the pleadings or to add parties shall not be later than 90 days prior to the discovery cut-off date, and therefore not later than **March 14, 2023**.

### C.     FED. R. CIV. P. 26(a)(2) DISCLOSURES (EXPERTS)

In accordance with Fed. R. Civ. P. 26(a)(2), disclosures identifying experts shall be made 60 days prior to the discovery cut-off date, and therefore not later than **April 13, 2023** and disclosures of rebuttal experts shall be made 30 days after the initial disclosure of experts, and therefore not later than **May 15, 2023**.

### D.     DISPOSITIVE MOTIONS

The parties shall file dispositive motions 30 days after the discovery cut-off date, and therefore not later than **July 12, 2023**.

### E.     PRETRIAL ORDER

If no dispositive motions are filed, and unless otherwise ordered by this Court, the Joint Pretrial Order shall be filed 30 days after the date set for filing dispositive motions, and therefore not later than

**August 11, 2023**. In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until 30 days after the Court enters a ruling on the dispositive motions, or otherwise by further order of the Court. The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the Joint Pretrial Order.

F.   **ALTERNATIVE DISPUTE RESOLUTION**

The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation.

G.   **ALTERNATIVE FORMS OF CASE DISPOSTION**

The parties certify that they considered consenting to trial by a magistrate judge and use of the Short Trial Program.

H.   **ELECTRONIC EVIDENCE**

1.   **Electronically Stored Information and Electronic Service of Discovery**

The parties have discussed the retention and production of electronic data. The parties consent to electronic service of any and all discovery documents. Said service shall be deemed completed by sending an email with the related discovery document(s) to all service addresses for counsel and counsel's staff on record with the court for the above-captioned matter at the time of service. The parties further agree, when serving by email, if any error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient(s) of the message and serve the pleading or other papers by other authorized means. This consent does not preclude counsel from serving discovery documents by mail in accordance with Fed. R. Civ. 5(b), including service of electronic files copied to compact disc or similar storage media. Whether served by e-mail or by mail, three additional days shall be added to the timeline within which to respond, as provided for in Fed. R. Civ. P. 6(d). To the extent discovery requests are served on a Saturday, Sunday, or legal holiday, service will be deemed effective on the

next day that is not a Saturday, Sunday, or legal holiday. The parties reserve the right to revisit this issue if a dispute or need arises.

### 2. Electronic Evidence Conference Certification

The parties further intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties discussed the presentation of evidence for juror deliberations, but did not reach any stipulations as to that method as this early stage.

## III. EXTENSIONS OR MODIFICATIONS OF THE DISCOVERY PLAN AND SCHEDULING ORDER

LR 26-3 governs modifications or extensions to this discovery plan and scheduling order.

## IV. PROVIDING "SHELLS" OR WORD VERSIONS TO OPPOSING COUNSEL FOR ALL WRITTEN DISCOVERY PROPOUNDED

The parties agree that for each set of written discovery propounded upon the other, an accompanying "word" or "word perfect" version of said discovery set shall be provided in order to reduce the time and effort in having to type out the requests or interrogatories. The failure to do so does not deem service of the written discovery ineffective.

## V. PROTECTION OF PRIVILEGED/TRIAL PREPARATION MATERIAL

If a party discovers it has inadvertently disclosed privileged or trial preparation material, it agrees to notify the opposing party in writing within 30 days of the discovery that such document(s) have been disclosed, which written notification will set forth the basis for the claim that the items disclosed are privileged or trial preparation material. If the party receiving the disclosure agrees that the inadvertently-produced items are privileged or trial preparation material, it will return all such items to the producing party without the retention of any copies. If the receiving party disputes that the items are privileged or trial preparation materials, it will within 30 days of written notification of the inadvertent disclosure, present the disputed items inadvertently disclosed to the court under seal for a decision with respect thereto (without the retention of copies), including with such submission the

producing party's written notification and any statement the receiving party wishes to make in support of its position that the items are not privileged or trial preparation material. If the receiving party disclosed the inadvertently-produced privileged or trial preparation materials before being notified of the inadvertent disclosure, it will take reasonable steps to retrieve the materials pending resolution of the matter.

Dated this 3rd day of February, 2023.

J. COGBURN LAW

By: */s/Jamie S. Cogburn*
　　Jamie S. Cogburn, Esq.
　　Nevada Bar No. 8409
　　2580 St. Rose Parkway, Suite 330
　　Henderson, NV 89074
　　*Attorney for Plaintiffs*

Dated this 2nd day of February, 2023.

ARMSTRONG TEASDALE LLP

By: */s/Brandon P. Johansson*
　　Kevin R. Stolworthy, Esq.
　　Nevada Bar No. 2798
　　Brandon P. Johansson, Esq.
　　Nevada Bar No. 12003
　　1980 Festival Plaza Drive, Suite 750
　　Las Vegas, NV 89135
　　*Attorneys for Defendant Chapman's Las Vegas Dodge, LLC*

Dated this 2nd day of February, 2023.

NERSESIAN & SANKIEWICZ

By: */s/Robert A. Nersesian*
　　Robert A. Nersesian, Esq.
　　Nevada Bar No. 2762
　　528 S. Eighth Street
　　Las Vegas, Nevada 89101
　　*Attorneys for Defendant FCA US LLC*

**ORDER**
**IT IS SO ORDERED**

**DATED:** 4:59 pm, February 06, 2023

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**